UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNABE MORA; STEVEN MORA, | ) Case No.: 13-CV-01528 |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING CASE FOR |
| | ) LACK OF SUBJECT MATTER |
| RICHARD MCMANAHAN; COLDWELL BANKER; ALEX BALONI; QUALITY LOANS; LITTON; NEW CENTURY; ALL PERSON CLAIMING LEGAL ABILITY; DOES 1-30; NEW CENTURY MORTGAGE CORPORATION; GAY DALES INC REALTORS; ROY C. GUNTER III, | ) JURISDICTION |
| Defendants. | ) |

On April 4, 2013, Bernabe and Steven Mora filed this action, alleging that real property located at 15061 Meridian Road in Castroville, California was wrongfully sold at a foreclosure sale.[1]

On May 17, 2013, Magistrate Judge Howard R. Lloyd referred this case to the undersigned judge for a determination whether the case was related to Case No. C11-02319 LHK, *Mora v.*

---

[1] In reviewing Plaintiff's case, Magistrate Judge Howard R. Lloyd noted that the alleged wrongful foreclosure of this same property has been the subject of at least four other lawsuits filed by either Bernabe Mora or Steven Mora (or both) in this court. *See* Report and Recommendation, ECF No. 5, at 1 n.1.

1
Case No.: 13-CV-01528-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

*Litton Loan Serving, et al.*, within the meaning of Civil Local Rule 3-12. ECF No. 5 ("Referral and Report"). On May 21, 2013, the Court issued an Order relating these cases. ECF No. 25.

Judge Lloyd further recommended that the action be dismissed for lack of subject matter jurisdiction, without prejudice to the Moras to pursue their claims in state court. *Id.* at 2. Specifically, Judge Lloyd noted that the caption of Plaintiffs' complaint in this action lists only state law claims, and identifies no federal cause of action that could give this Court jurisdiction under 28 U.S.C. § 1331. *Id.* The complaint also indicates that there is no diversity jurisdiction under 28 U.S.C. § 1332. *Id.* As a result, Judge Lloyd concluded that the complaint fails to identify any basis for the court to exercise jurisdiction over the Moras' claims.

Plaintiff filed an opposition on June 4, 2013, the full text of which is reproduced below:

Plaintiffs [sic] objection to Magistrate Judge Howard H [sic] Lloyd Report and Recommendation
Plaintiffs are hereby requesting the subject matter jurisdiction be determined by the merit panel.
And supplemental jurisdiction, further the merits of the case is intertwined with the issues there for a three judge merit panel is petition to determine subject matter [sic].

Assuming without deciding that Plaintiffs' opposition was timely,[2] their objection fails to address the jurisdictional deficiencies identified by Judge Lloyd.

For the reasons Judge Lloyd articulated in his recommendation, the Court finds that this action must be DISMISSED for lack of subject matter jurisdiction, without prejudice to the Moras to pursue their claims in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] Plaintiffs were given fourteen days after being served to file any objections to Judge Lloyd's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Notice was sent to Plaintiffs by U.S. Mail on May 17, 2013. *See* ECF No. 5, at 4. Their opposition was filed eighteen days later. For the purposes of this Order, the Court assumes that Plaintiffs filed their opposition within fourteen days of the date that they were served.